# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-329-JDR-JFJ

CHRISTOPHER LEE PRESIDENT,

*Petitioner,*

*versus*

MARGARET GREEN, *Warden,*

*Respondent.*

## OPINION AND ORDER

Petitioner Christopher Lee President, an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2017-1148. Dkt. 1. Mr. President raises four grounds for relief. *See id.* at 4-5, 7-9.[1] Respondent Margaret Green moves to dismiss the petition, asserting that all claims are barred by the applicable one-year statute of limitations in 28 U.S.C. § 2244(d). Dkts. 16, 17. The Court has considered Mr. President's petition [Dkt. 1], Respondent's motion to dismiss the petition as untimely [Dkts. 16, 17], the record of state court proceedings provided by Respondent [Dkts. 17-1 through 17-10], Mr. President's response to the motion [Dkt. 18], and applicable law. For the following reasons, Respondent's motion to dismiss [Dkt. 16] is granted.

---

[1] The Court's citations refer to the CM/ECF header pagination.

No. 25-cv-329

I

On May 28, 2021, a Tulsa County jury found Mr. President guilty of three counts of felony murder. *See* Docket, *State of Oklahoma v. President*, Case No. CF-2017-1148 (Tulsa Cnty. Dist. Ct. May 28, 2021); *see also* Dkt. 17-2. The trial court sentenced Mr. President to life without the possibility of parole as to each count and ordered that he serve each sentence consecutively. Dkts. 17-2, 17-6.

Mr. President appealed, and on May 25, 2023, the Oklahoma Court of Criminal Appeals affirmed Mr. President's judgment. Dkt. 17-6. Mr. President did not seek further review by petitioning the Supreme Court of the United States for a writ of certiorari. Dkt. 1 at 2. Nor did Mr. President apply for post-conviction relief in state court. On May 16, 2025, Mr. President filed this petition in the United States District Court for the Western District of Oklahoma. Dkt. 1. The Western District transferred the case to this Court on July 1, 2025. Dkt. 6.

Mr. President raises four grounds for relief: (1) "Actual Innocence;" (2) "Fraud By Government – Ineffective Assistance of Counsel 'Trial & Appeal;'" (3) "Due Process — Constitutional Errors — Amendments g[ua]ranteed by the U.S. Constitutional 1st, 4th, 5th, 6th, 9th, 13th;" and 4) "Newly Discovered Evidence[.]" Dkt. 1 at 4-5, 7-9. Respondent contends Mr. President's petition is untimely under 28 U.S.C. § 2244(d)(1), Mr. President is not entitled to equitable tolling, and Mr. President cannot avail himself to the actual innocence gateway. *See* Dkt. 17.

II

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

2

No. 25-cv-329

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment becomes "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Federal courts also may toll the limitations period for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), and may excuse noncompliance with the statute of limitations if the petitioner asserts a credible claim of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

## A

Mr. President did not file his petition within the time required by 28 U.S.C. § 2244(d)(1)(A). As outlined above, Mr. President's judgment was

No. 25-cv-329

affirmed by the OCCA on May 25, 2023. Dkt. 17-6. Mr. President did not seek a writ of certiorari from the United States Supreme Court within ninety days after the OCCA affirmed his convictions. Sup. Ct. R. 13. Mr. President's judgment therefore became final on August 23, 2023, ninety days after May 25, 2023. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[P]etitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citations and quotations omitted)). Mr. President's one-year period to file a petition for writ of habeas corpus began August 24, 2023, and, absent statutory tolling, expired August 26, 2024.[2] Absent any tolling events, Mr. President's May 16, 2025 petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

The limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by the AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010)[3] ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired.").

_____

[2] Mr. President's one-period technically expired on August 24, 2024. Since August 24, 2024, was a Saturday, Mr. President's time to file a habeas petition extended to Monday, August 26, 2024. Fed. R. Civ. P. 6(a)(1)(C).

[3] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

No. 25-cv-329

Here, Mr. President did not properly file an application for state post-conviction or other collateral review. Mr. President did file three letters with the state district court. *See* Dkts. 17-7, 17-8 and 17-9. But none of these letters tolled the statute of limitations. The June 15, 2023 letter did not have a tolling effect for two reasons. First, it was simply a transcript request, not a properly filed application for post-conviction or other collateral review. *See Levering v. Dowling*, 721 F. App'x 783, 787 (10th Cir. 2018) (holding that a "motion for transcripts and exhibits filed with the state trial court" did not qualify as a motion for collateral state review). Second, this letter was filed prior to August 24, 2023. *See Vickers v. Bear*, Case No. CIV 14-528-RAW-KEW, 2016 WL 1032817, at *2 (E.D. Okla. Mar. 15, 2016) (unpublished) (noting that a post-conviction application filed before conviction was final "had no tolling effect until ... the first day of the statutory year.").

Furthermore, Mr. President's March 26, 2025 letter and April 29, 2025 letter, even if considered properly filed applications for state post-conviction relief, were filed after August 26, 2024. *See* Dkts. 17-8 and 17-9. These letters, therefore, did not toll the applicable statute of limitations. *Clark*, 468 F.3d at 714. Accordingly, Mr. President is not entitled to statutory tolling, and his May 16, 2025 petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

B

Although Mr. President does not explicitly allege that his petition is timely under 28 U.S.C. § 2244(d)(1)(D), the Court liberally construes his petition as implicating § 2244(d)(1)(D). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "By its plain language, § 2244(d)(1)(D) is directed to when the factual predicate of a petitioner's claim or claims could have been discovered through the exercise of due diligence." *Resinger v. Farris*, 804 F. App'x 1001, 1002 n.2 (10th Cir. 2020). "A factual predicate constitutes the vital facts underlying those claims." *Purkey v. Kansas*, 281 F. App'x 824, 827 (10th Cir. 2008)(quotation omitted). Furthermore, trigger dates under §

5

No. 25-cv-329

2244(d)(1)(D) require a "claim-by-claim consideration." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Mr. President's first claim is one of actual innocence and challenges much of the trial evidence. *See* Dkt. 1 at 4, 7. Mr. President is not entitled to a later trigger date under § 2244(d)(1)(D) for his first claim for several reasons. First, a freestanding claim of actual innocence based on newly discovered evidence is not a cognizable basis for federal habeas relief. *Boyd v. Martin*, 747 F. App'x 712, 715 (10th Cir. 2018). It follows, § 2244(d)(1)(D) does not apply. *See Grayson v. Martin*, Case No. 18-CV-390-TCK-JFJ, 2019 WL 2250634, at *3 (N.D. Okla. May 14, 2019) (unpublished) (finding § 2244(d)(1)(D) did not apply when petitioner's claim did not state a cognizable federal habeas claim). Second, Mr. President does not provide any dates that he learned of the purported factual predicates supporting his actual innocence claim. If anything, Mr. President possessed most of the information he relies upon at the time of trial. *See* Dkt. 1 at 4, 7. Accordingly, Mr. President, through the exercise of due diligence, could have discovered the vital facts supporting his claim by the end of the jury trial, at the latest.

Concerning Mr. President's second claim alleging ineffective assistance of counsel, Mr. President again challenges much of the trial evidence and alleged improprieties that occurred during his direct appeal. *See* Dkt. 1 at 4, 7-9. Once again, Mr. President does not provide any dates he learned of the factual predicates supporting his ineffective assistance claim. Mr. President's allegations reveal he became aware of the underlying facts either during trial or the direct appeal process. *See id*. Therefore, § 2244(d)(1)(D) does not provide a later commencement of the statute of limitations period for Mr. President's second claim.

For his third claim, Mr. President alleges he was "late on post-conviction" because "national legal professional associates" gave him inaccurate and misleading information regarding the deadline. Dkt. 1 at 5. Mr.

No. 25-cv-329

President references a May 18, 2024, deadline. *Id.* But he does not provide the date he received the inaccurate information from the legal professional associates. *Id.* Even if he was provided an inaccurate May 18, 2024 deadline, Mr. President waited almost another year before he filed this petition. *See* Dkt. 1. Mr. President's allegation does not establish due diligence. Thus, 2244(d)(1)(D) does not provide a later commencement of the statute of limitations period for Mr. President's third claim.

Finally, Mr. President alleges in his fourth claim that he has "screenshots of jailhouse snitch that was used to bound [sic.] me over and a report by OIDS in an interview with him[.]" Dkt. 1 at 5. Mr. President continues, "really everything was hid from me by even my own attorneys so its [sic] all new to me." *Id.* As with his other claims, Mr. President does not provide the date he discovered the screenshots using due diligence or any of the other "hidden" information. Fatally, Mr. President was aware the alleged jailhouse snitch, Chris Jackson, testified at the preliminary hearing, was not called to testify at trial, and entered into plea agreements with the prosecution. *See id.* at 7 (acknowledging Mr. Jackson did not testify at trial); *see also* Dkt. 17-10 (State's *Dodd* Notice regarding Mr. Jackson). Mr. President therefore fails to demonstrate a later trigger date under § 2244(d)(1)(D) is applicable to his fourth claim.

For the reasons discussed above, Mr. President failed to demonstrate an alternate trigger date pursuant to 28 U.S.C. § 2244(d)(1)(D) applies to any of his four claims. For the reasons articulated, Mr. President's petition is time barred.[4]

### III

To the extent Mr. President seeks equitable tolling, he has not shown any basis for the Court to equitably extend the limitations period. While the

---

[4] Mr. President did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B) or (C). *See* Dkt. 1. Therefore, the Court does not analyze these subsections.

No. 25-cv-329

one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, Mr. President's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim or extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Mr. President's petition does not indicate any extraordinary circumstances precluded the timely submission of his action. Neither Mr. President's *pro se*, incarcerated status or his reliance on "national legal professional associates" entitles him to equitable tolling. *See Marsh,* 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Holland,* 560 U.S. at 651 (noting that "garden variety claim[s] of excusable neglect," including "simple" miscalculations of time by an attorney, do not warrant equitable tolling); *Fleming v. Evans,* 481 F.3d 1249, 1255 (10th Cir. 2007) ("Habeas counsel's negligence is not generally a basis for equitable tolling because '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" (quoting *Coleman v. Thompson,* 501 U.S. 722, 752 (1991))). Accordingly, equitable tolling is unavailable to Mr. President.

IV

Finally, Mr. President contends he is actually innocent. Dkt. 1 at 4, 7. A petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence. *See McQuiggin*, 569 U.S. at 392. To avail himself of this exception a petitioner must make a colorable showing of factual innocence, not legal innocence. *Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir.

8

1995). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin*, 569 U.S at 386, 401; *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting *Schulp*, 513 U.S. at 324).

In support of his actual innocence claim, Mr. President alleges there was no physical evidence connecting him to the crime, DNA evidence excluded him, the fingerprints were not his, eyewitnesses testified it was not him, and other suspects were prematurely excluded. Dkt. 1 at 4. Mr. President also argues cell phone data supports his innocence, his alibi witness was not called to testify, and he was erroneously implicated by "jail house snitch," Chris Jackson. *Id.* at 4, 7. Finally, Mr. President alleges he has "relevant documents (screenshots) and a memorandum, by OIDS investigator a sum[m]ary of a conversation he had with Jackson they both [are] basically him recanting and saying he received a deal[.]" *Id.* at 7.

To the extent Mr. President's position is the evidence presented at trial was insufficient to convict him, this contention does not support an actual innocence claim. *See Claybrook v. Okla. Dep't of Corr.*, 255 F. App'x 289, 292 (10th Cir. 2007) (noting that "allegations of insufficiency of the evidence" are not a claim of "actual innocence, but theoretical innocence"); *see also Kaufman v. Martin*, Case No. 17-CV-393-JED-JFJ, 2018 WL 3795248,

No. 25-cv-329

at \*3, n.3 (N.D. Okla. Aug. 9, 2018) (unpublished) (noting "Petitioner's assertion of 'actual innocence' is not credible as it appears to either (1) rest on evidence that was presented or available at the time of trial or (2) merely challenge the sufficiency of the evidence." (citing *Schlup* 513 U.S. at 324)). Furthermore, insufficiency of the evidence arguments do not satisfy the "new" evidence requirement. *See, e.g., Guadarrama v. United States*, No. 16-6218, 2017 WL 3391683, at \*3 (6th Cir. 2017) (Petitioner "did not cite any newly discovered evidence in support of his actual-innocence claims. Instead, he simply argued that the evidence presented at trial was insufficient to meet the government's burden of proof."); *Rich v. Florida Dep't of Corr.*, 317 F. App'x 881, 883 (11th Cir. 2008) (Petitioner "is not entitled to an actual innocence exception to the § 2244(d) time-bar because he has presented no new evidence of his factual innocence. Instead, he argues that the state's evidence at his trial was insufficient to support his conviction.").

Alternatively, assuming the purported pieces of evidence Mr. President relies upon were not available at the time of trial, Mr. President has not provided the Court with *any* of this evidence. Mr. President merely alleges DNA evidence excluded him, there were other suspects who confessed and Mr. Jackson's preliminary hearing testimony was fabricated. These allegations, without more, do not satisfy the demanding evidentiary requirements of the actual innocence exception. Accordingly, Mr. President cannot proceed through the actual innocence gateway, and his petition is time-barred.

V

The Court finds and concludes that Mr. President cannot obtain federal habeas relief under 28 U.S.C. § 2254. Mr. President's petition is time-barred, and Mr. President cannot avail himself to equitable tolling or the actual innocence gateway. The Court therefore grants Respondent's motion and dismisses the petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the

No. 25-cv-329

dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that Respondent's motion to dismiss [Dkt. 16] is granted; the petition [Dkt. 1] is dismissed; a certificate of appealability is denied; and a separate judgment of dismissal shall be entered in this matter.

DATED this 27th day of April 2026.

John D. Russell
*United States District Judge*